UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SPORT & WHEAT, CPA, PA,

    Plaintiff,

v.                                                                      Case No. 3:20cv5425-TKW-HTC

SERVISFIRST BANK, INC., et al.,

    Defendants.
_____/

<u>ORDER</u>

This matter is before the Court on Plaintiff Sport & Wheat, CPA, P.A.'s motion for leave to file, under seal, certain text messages in connection with Defendant Synovus Bank's Motion to Terminate Rule 30(b)(6) Deposition. ECF Doc. 63. Defendant Synovus Bank objects to the motion and, pursuant to the Court's request, has filed a written opposition. ECF Doc. 72. Upon consideration, and for the reasons set forth below, Plaintiff is directed to submit the redacted text messages *and* a complete unredacted set to the Court for *in camera* inspection.

**I.    BACKGROUND**

In the most basic terms, Plaintiff, an accounting firm, has sued Defendant for agent fees Plaintiff alleges it is entitled to under the Coronavirus Aid Relief and Economic Security Act, Pub. L. No. 116-136 (the "CARES Act") for assisting a

borrower in obtaining a loan under the Paycheck Protection Program ("PPP"). Before written discovery responses were due from the Plaintiff, Plaintiff sought to take a 30(b)(6) deposition of Defendant, which was agreed to by Defendant. The parties disagree as to the contours of that agreement and, although the deposition proceeded, it was subsequently terminated by the Defendant after a few hours.

Four (4) days after terminating the deposition, Defendant filed a motion to terminate under Rule 30(d)(3). One of the primary bases that Defendant raises for terminating the deposition is that Plaintiff's counsel sought to ask the deponent questions relating to text messages, which (1) Plaintiff's counsel had failed to produce to Defendant's counsel in advance of the deposition and (2) contained redactions – thus, the deponent was deprived of seeing the entire document. That motion has been set for hearing on July 9, 2020. In anticipation of that hearing, Plaintiff filed a motion to seal, seeking to file under seal the complete set of the text messages counsel has in its possession, which Plaintiff contends are relevant to the Court's resolution of Defendant's motion to terminate.

## II.   DISCUSSION

"[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to common-law right" of access to judicial records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). "There is also a constitutional right of access to

discovery materials submitted in connection with substantive motions, governed by the same standard as the common-law right." *Suell v. United States*, 32 F. Supp. 3d 1190, 1192 (S.D. Ala. 2014) (citing *id.* at 1310, 1313, 1315). "That standard is 'the Rule 26 good cause balancing test.'" *Id.* at 1192 (citing *Chicago Tribune*, 263 F.3d at 1313). The party seeking to maintain secrecy "must establish good cause for continued protection under Rule 26." *Chicago Tribune*, 263 F.3d at 1313. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)," even absent a motion to unseal. *Suell*, 32 F. Supp. 3d at 1192–93.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may, for good cause, issue a protective order to protect the parties "from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and "requiring that the parties simultaneously file specified documents or information in sealed envelopes" with the court. *Tyndall Fed. Credit Union v. Ravin*, No. 5:17-CV-160-MCR/GRJ, 2018 WL 7501291, at *1 (N.D. Fla. Apr. 19, 2018) (quoting Fed. R. Civ. P. 26(c)(1)(G), (H)). Other privacy protections for personal information specified in Rule 5.2 or additional information specified by the court for good cause must be made through redactions or the court may order that a filing be made under seal

without redaction. *See* Fed. R. Civ. P. 5.2(d), (e). Because the public retains a right of access to documents filed in a court proceeding, courts will order that a particular document be filed under seal only if authorized by statute or upon a showing of good cause, after balancing the public's right of access against the parties' confidentiality interests. *See, generally, Romero v. Drummond*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune*, 263 F.3d at 1304).

Plaintiff seeks to file the text messages under seal because the documents contain information relating to other persons who are not parties to the litigation, contain medical information about third parties, and contain information between Plaintiff and its clients, which are protected by the accountant-client privilege. Defendant opposes having those documents filed under seal. Defendant argues that Plaintiff has failed to set forth a sufficient basis justifying having the documents filed under seal; that Plaintiff has yet to provide the Defendant with a complete set of the documents; and that the texts messages are irrelevant to the Court's determination of Defendant's motion to terminate.

As an initial matter, given that the redacted text messages and failure to provide the text messages in advance of the deposition are two (2) grounds on which the motion to terminate is based, the undersigned finds that the text messages could be relevant to the Court's determination of the motion to terminate. While the Court understands Defendant's position that the fact that the redactions were made is what

matters, and not necessarily the content of the redacted material, that content could be relevant to whether Plaintiff acted in bad faith, which is one of the bases for terminating the deposition. Thus, the Court find that it would be beneficial for the Court to see the documents.

The Court notes, however, that it does not have sufficient information to find the existence of good cause under Rule 26 for the documents to be filed under seal. As a general matter, the Court cannot say that references to personal matters, messages that might paint someone in a bad light, or text messages related to third parties unrelated to this litigation are necessarily "good cause" for filing the messages under seal. Likewise, the Court does not have sufficient information before it to determine whether Fla. Stat. § 90.5055 applies or, as the Defendant suggests, has been waived. Generally, such privilege considerations are addressed ahead of time with a protective order and prior to a deposition where the documents might be used.

Because the Court finds that the unredacted text messages will aid the Court in resolving the motion to terminate *and* the Court finds that it has insufficient information to grant the motion to seal, the Plaintiff is ordered to submit the text messages to the Court for *in camera* inspection, both as they were redacted and presented to the witness, and in unredacted form. The documents can be hand-delivered to the clerk's office or can be emailed to chambers at

Case No. 3:20cv5425-TKW-HTC

flnd_cannon@flnd.uscourts.gov.  The documents are due to the Court by close of business **July 8, 2020**.  Upon review, the Court will enter a ruling on the motion to seal.

DONE AND ORDERED this 7th day of July, 2020.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**