# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

SPORT & WHEAT CPA PA

USDC NO.  **3:20-cv-05425-TKW-HTC**

vs

USCA NO.  _____

SERVISFIRST BANK INC, ET AL

## TRANSMITTAL OF NOTICE OF APPEAL

The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals.  A copy of the appeal notice, docket entries, and Order appealed from is enclosed.

| | |
|---|---|
| First Appeal Notice: | YES |
| Judge Appealed From: | T KENT WETHERELL, II |
| Appellate Docket Fee: | YES |
| Court Reporters: | YES |
| Other | |

Please acknowledge receipt on the enclosed copy of this transmittal to: PENSACOLA DIVISION

JESSICA J. LYUBLANOVITS,
CLERK OF COURT

By:  *Monica Broussard*
Deputy Clerk
100 North Palafox Street
September 10, 2020          Pensacola, Florida 32502-5658

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**SPORT & WHEAT CPA PA**,
a Florida corporation, individually and
on behalf of a class of similarly situated
businesses and individuals,

     Plaintiff,

*v.*

**SERVISFIRST BANK INC.;**
**SYNOVUS BANK;**
**THE FIRST, A NATIONAL**
**BANKING ASSOCIATION;** and
**TRUIST BANK,**

     Defendants.

Case No. 3:20-cv-5425-TKW-HTC

## NOTICE OF APPEAL

Sport & Wheat CPA PA now serves its notice of appeal from the Court's

order denying leave to amend and dismissing this case with prejudice (ECF No.

93), as well as all interlocutory orders that merge into this final order. That includes

the prior order of the Court, dismissing the amended complaint (ECF No. 87).

Appeal is being taken to the United States Court of Appeals for the Eleventh

Circuit.

Dated: September 9, 2020          Respectfully submitted,


 /s/ William F. Cash III

Virginia M. Buchanan
    (Fla. Bar No. 793116)
Matthew D. Schultz (Fla. Bar No. 640328)
William F. Cash III (Fla. Bar No. 68443)
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Email: bcash@levinlaw.com

 /s/ John S. Wirt

John S. Wirt, Esq. (Fla. Bar No. 117640)
Pamela Cocalas Wirt, Esq. (Fla. Bar No.
109576)
**WIRT & WIRT, P.A.**
5 Calhoun Ave, Suite 306
Destin, FL 32541
Tel: 847-323-4082
Fax: 314-431-6920
jwirt@wirtlawfirm.com


*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**SPORT & WHEAT, CPA, PA**,

      **Plaintiff**,

**v.**                                  **Case No. 3:20cv5425-TKW-HTC**

**SERVISFIRST BANK, INC.**, **et al.**,

      **Defendants**.

_____/

## <u>ORDER DISMISSING AMENDED COMPLAINT</u>

The central issue of first impression in this case is whether Plaintiff and others like it are entitled to any portion of the fees paid by the federal government to lenders like Defendants who were tasked with handing out hundreds of billions of dollars of "loans" under the Paycheck Protection Program (PPP).[1]  The short answer is "no."

This issue arises in the context of Defendants' motions to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6).  *See* Docs. 46, 49, 67, 69.  The motions, responses (Docs. 56, 85), and reply (Doc. 65) were comprehensively (and ably) briefed, and no hearing is necessary to rule on the motions.

---

[1]  This case was apparently the first of what is now at least 50 cases pending around the country raising the same issue.  A motion to transfer these cases into a single MDL proceeding was denied by the Judicial Panel on Multidistrict Litigation last week.  *See In re Paycheck Protection Program (PPP) Agent Fees Litigation*, MDL No. 2950 (J.P.M.L. Aug. 5, 2020).

When ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts the allegations in the operative complaint (here, the amended complaint, Doc. 21) as true and construes them in the light most favorable to the plaintiff under the "plausibility" standard adopted by the Supreme Court.  *See Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Crespo v. Coldwell Banker Mortg.*, 599 F. App'x 868, 874 (11th Cir. 2014).  Applying this standard, the Court finds for the reasons that follow that the motions to dismiss are due to be granted.

## Factual and Procedural Background

Plaintiff is a small accounting firm that assisted its clients (the borrowers) in obtaining loans from Defendants under the PPP.  Plaintiff alleges in the amended complaint that Defendants did not pay it the "agent fees" (totaling $4,526)[2] it was due under the PPP and its implementing regulation for helping the borrowers obtain the loans.  Plaintiff does not allege that it or the borrowers had agreements with Defendants regarding payment of Plaintiff's agent fees.

The amended complaint asserts four counts and seeks monetary damages and injunctive relief against Defendants (and other "John Doe" lenders) on a class-wide

---

[2]  Specifically, the amended complaint alleges that Plaintiff is entitled to $941.65 of the loan processing fee paid by the Small Business Administration (SBA) to Defendant ServisFirst, $1,633.03 of the fee paid to Defendant Synovus, $75.75 of the fee paid to Defendant The First, and $1,875.57 of the fee paid to Defendant Truist.  *See* Doc. 21, at ¶¶ 91, 112, 126, 139.

basis.  Count 1 ("unjust enrichment") and Count 2 ("contract implied in law") seek to recover the monetary benefit Plaintiff allegedly conferred on Defendants when it helped the borrowers obtain PPP loans through Defendants; Count 3 ("conversion") alleges the Defendants unlawfully retained the portion of the loan processing fees that Plaintiff was entitled to under the PPP and its implementing regulation; and Count 4 ("declaratory relief") seeks a declaration that Defendants violated federal law by not paying Plaintiff the portion of the loan processing fee it was entitled to under the PPP along with appropriate injunctive relief.

Counts 3 and 4 are premised on the assumption that the PPP and its implementing regulation require lenders to pay the agent's fee irrespective of whether there is an agreement between the agent or borrower and the lender to do so.  By contrast, Counts 1 and 2 are premised on equitable principles (rather than legal entitlement under the PPP and its implementing regulation) under state common law based on Plaintiff's allegations that Defendants were aware of and benefitted from the work Plaintiff did on the borrowers' PPP loan applications.

## Analysis

The crux of this case is in Count 4, which seeks a declaration that Defendants are required to pay "agent fees" to Plaintiff for the work it performed on behalf of the borrowers who obtained PPP loans from Defendants.  The claim is premised on

the assumption that the CARES Act[3] and its implementing regulation <u>require</u> lenders to pay the borrowers' agent fees.  This assumption, however, finds no support in the plain language of the statute or the regulation.

Section 1102 of the CARES Act created the PPP as part of the Section 7(a) Loan Program administered by the SBA.  The PPP was intended to help small businesses impacted by the COVID-19 pandemic by providing loans[4] that could be used to cover payroll and other costs.  The loans were administered by the private sector (e.g., banks, credit unions, existing SBA Section 7(a) lenders), but they were fully funded and guaranteed by the federal government.

The CARES Act mandated that the SBA Administrator "shall reimburse a lender authorized to make a covered loan" and it established the fees that the lender will be paid for making the loans.  *See* Pub. L. No. 116-136, §1102(a)(2) (to be codified at 15 U.S.C. §636(a)(36)(P)(i)).  The Act further provided that "[a]n agent that assists an eligible recipient to prepare an application for a covered loan may not

---

[3]  Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

[4]  The monies received under the PPP are "loans" in only the loosest sense of that word because the borrower is not required to make any payments for six months and the full amount of the principal borrowed and any accrued interest will be forgiven if the borrower uses the loan proceeds to cover payroll and other approved costs.  *See* Pub. L. No. 116-136, §1102(a)(2) (to be codified at 15 U.S.C. §636(a)(36)(M)), §1106(b); *see also* Paycheck Protection Program Flexibility Act of 2020, Pub L. No. 116-142, §3, 134 Stat. 641, 641-43 (2020) (extending the deferral period and modifying the criteria for loan forgiveness).

collect a fee in excess of the limits established by the [SBA] Administrator." *Id.* (to be codified at 15 U.S.C. §636(a)(36)(P)(ii)).

In April 2020, pursuant to the authority delegated by the statutory language quoted above, the SBA issued an interim final rule (IFR) to implement the PPP. *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (Apr. 15, 2020).[5]  The IFR provides in pertinent part:

> Agent fees will be paid by the lender out of the fees the lender receives from SBA.  Agents may not collect fees from the borrower or be paid out of the PPP loan proceeds. The total amount that an agent may collect from the lender for assistance in preparing an application for a PPP loan (including referral to the lender) may not exceed:
>
> i.    One (1) percent for loans of not more than $350,000;
> ii.   0.50 percent for loans of more than $350,000 and less than $2 million; and
> iii.  0.25 percent for loans of at least $2 million.

*Id.* at 20,816.  The IFR also states that its provisions "temporarily supersede any conflicting Loan Program Requirement (as defined in 13 CFR 120.10)."  *Id.* at 20,812.

---

[5]    The SBA has since adopted other regulations to implement the PPP, *see* https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program#section-header-9 (list of regulations), but none of those regulations appear to have any bearing on the issues in this case.

The CARES Act does not require lenders to pay the agent's fees absent an agreement to do so (or create a private right of action for payment[6]) because the statutory language does not even speak to who pays the agent's fees; it merely provides that the agent cannot collect a fee from anyone in excess of the amount established by the SBA Administrator. Indeed, the different language used by Congress in mandating payment of lenders ("shall reimburse") and limiting agent fees ("may not collect") is indicative of an intent not to require lenders to pay agent fees. *See In re Failla*, 838 F.3d 1170, 1176-77 (11th Cir. 2016) (quoting Antonin Scalia & Bryan A. Garner, Reading Law 170 (2012)) ("The presumption of consistent usage instructs that '[a] word or phrase is presumed to bear the same meaning throughout a text' and that 'a material variation in terms suggest a variation in meaning.'"). Thus, if lenders have any legal obligation to pay agent fees absent an agreement to do so, that obligation must come from the IFR.

The IFR asks—and then answers—the question of "[w]ho pays the fee to an agent who assists a borrower" by stating that payment is to be made "by the lender

---

[6] Defendants spend a significant amount of their briefing arguing that the CARES Act does not create an express or implied private right of action as required to bring a claim under the Declaratory Judgment Act (DJA). Although it is doubtful that such a private right of action exists, *see Profiles, Inc. v. Bank of Am. Corp.*, 2020 WL 1849710, at *7 (D. Md. Apr. 13, 2020) ("The Court is not persuaded that the language of the CARES Act evidences the requisite congressional intent to create a private right of action.); *see also United States v. Fid. Capital Corp.*, 920 F.2d 827, 838 n.39 (11th Cir. 1991) (noting that "no private right of action exists for a violation of the [Small Business] Act or the regulations"), the Court need not decide that issue because the claim asserted by Plaintiff under the DJA clearly fails on the merits.

out of the fees the lender receives from SBA" and not "from the borrower or . . . out of the PPP loan proceeds."  85 Fed. Reg. 20,816.  This language does not <u>require</u> that lenders share their fees—nor does it (or could it[7]) create or provide a right of action for agents to collect fees from the lender; instead, the language simply explains that, if an agent is to be paid a fee, the fee must be paid by the lender from the fee it receives from the SBA.  This, then, begs the question of whether an agreement between the lender and the agent is necessary for the lender to be required to pay the agent fees.

Defendants argue that the existing Section 7(a) regulations require such an agreement as a prerequisite to the lender's payment of agent fees.  Plaintiff conceded this point in the amended complaint, but it now argues that an agreement with the lender is not required under the PPP.[8]   The Court agrees with Defendants.

The PPP was added to and exists within the framework of Section 7(a) of the Small Business Act, *see* Pub. L. No. 116-136, §1102(a), and the IFR states that it only supersedes "conflicting" Section 7(a) program requirements, *see* 85 Fed. Reg.

---

[7]   *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not.").

[8]   *Compare* Doc. 21, at ¶ 65 ("Harmonizing these provisions, a Borrower may agree to hire a PPP Agent, subject to the fee caps set by the SBA in its PPP Interim Final Rule; and to be paid under 13 CFR § 103.5(a), the PPP Agent must submit the arrangement in writing on SBA's Form 159.") *with* Doc. 56, at 21 ("[Plaintiff] has reconsidered its position and now argues that Form 159 and other SBA formalities are not required").

20,812.  Accordingly, it follows that all non-conflicting program requirements continue to apply.

The existing Section 7(a) program requirements provide that the fees charged by an agent must be "reasonable" and they establish presumptively reasonable amounts for the fees.  *See* 13 C.F.R. §103.5(b).  The applicant or agent must execute a "compensation agreement" and provide it to the SBA on a specific form.  *See* 13 C.F.R. §103.5(a); SBA Form 159 (rev. Apr. 9, 2018).[9]  The form must identify the portion of the agent fee to be paid by the borrower and the portion to be paid by the lender, *see* SBA Form 159, at 2 (providing separate boxes for these amounts), and the agent's fees cannot be contingent upon the loan being approved, *id.* at 1 ("The SBA does not allow contingency fees (fees paid only if the loan is approved) . . . .").

The Court sees no conflict in these requirements and the IFR, except that the cap on agent fees in the IFR are considerably lower than the presumptively reasonable amounts in 13 C.F.R. §103.5(b) and agent fees under the PPP are necessarily contingent because they can only be paid out of the fee received by the lender and the lender only receives the fee if the loan is funded.  Specifically, Form 159 does not conflict with the IFR because (1) there is nothing in the IFR that prohibits the SBA Administrator from requiring use of the form (or the disclosure of

---

[9]  The form is available online at https://www.sba.gov/document/sba-form-159-fee-disclosure-compensation-agreement.

8

agent fees) and the form clearly states that it is to be used "whenever an Agent is paid by either the [borrower] <u>or</u> the SBA Lender in connection with the SBA loan application" (emphasis added),[10] and (2) even though the IFR prohibits agents from collecting fees from borrowers, there are separate spaces on the form to indicate the portion of the fee paid by the borrower (which would have to be $0 under the IFR) and the portion of the fee paid by the lender (which could be whatever the lender and agent agreed up to the caps in the IFR). Accordingly, because these existing program requirements do not conflict with the IFR, they apply to agents who assist borrowers in obtaining loans under the PPP.

Here, it is undisputed that neither Plaintiff nor the borrowers executed Form 159, nor did they have agreements with Defendants regarding payment for the work Plaintiff performed in assisting borrowers in obtaining PPP loans through Defendants. Accordingly, Defendants have no legal obligation under the CARES Act or the IFR to pay Plaintiff an "agent fee" for helping the borrowers get PPP loans from Defendants, and on that basis, Count 4 of the amended complaint is due to be dismissed.

---

[10] On this point, the Court did not overlook Plaintiff's argument that it need not sign Form 159 because the form's instructions state that the agent's signature is only required when it is being paid by the borrower ("Each Agent paid by the Applicant to assist in connection with its application must also complete and sign the form.") and the PPP prohibits the agent from collecting a fee from the borrower. However, the form clearly states that "[w]hen an Agent is paid by the SBA Lender, the SBA Lender must complete this form and the SBA Lender and Applicant must both sign the form." Thus, before the lender can pay the agent's fee under the PPP, Form 159 must be signed by at least the lender and the borrower.

The state law conversion claim in Count 3 is due to be dismissed for similar reasons.  Under Florida law, "[t]he gist of a conversion [is] . . . the wrongful deprivation of a person of property to the possession of which he is entitled."  *Star Fruit Co. v. Eagle Lake Growers, Inc.,* 33 So. 2d 858, 860 (Fla. 1948).   Thus, to state a claim for conversion, "the plaintiff must have a present or immediate right of possession of the property in question."  *United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005) (quoting *Page v. Matthews,* 386 So. 2d 815, 816 (Fla. 5th DCA 1980)).  If the plaintiff has no right to the property in question, it has no conversion claim.  Here, as explained above, Plaintiff had no legal right to any portion of the fee Defendants received from the SBA for making the loans to the borrowers assisted by Plaintiff.  Accordingly, Count 3 is due to be dismissed.

The state law claims for unjust enrichment and contract implied in law in Counts 1 and 2 are duplicative[11] and fare no better than the other counts.  To state a claim for unjust enrichment and/or contract implied in law, Plaintiff must allege "(1) plaintiff conferred a benefit upon the defendant, who has knowledge of that benefit; (2) defendant accepts and retains the conferred benefit; and (3) under the

---

[11]  Under Florida law, the elements for a claim for "unjust enrichment" or "contract implied in law" are the same.  *See Commerce P'Ship 8098 Ltd. P'ship v. Equity Contr. Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997) (explaining that Florida courts have synonymously used a number of different terms, including "unjust enrichment," to describe the cause of action encompassed by a contract implied in law); *see also Resnick v. AvMed, Inc*., 693 F.3d 1317, 1325 n.2 (11th Cir. 2012) ("To the extent Plaintiffs allege a contract implied in law, such contracts must be pled in the same way as unjust enrichment claims.").

circumstances, it would be inequitable for the defendant to retain the benefit without paying for it." *Vibo Corp. v. US Flue-Cured Tobacco Growers*, 762 F. App'x 703, 705 (11th Cir. 2019) (quoting *Fito v. Attorneys' Title Ins. Fund, Inc.,* 83 So. 3d 755, 758 (Fla. 3d DCA 2011)).   To satisfy the first element, "the plaintiff must <u>directly</u> confer a benefit to the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (citing *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla. N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996)) (emphasis added); *see also Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012) (affirming dismissal of unjust enrichment claim under Florida law where benefit was indirect); *Century Senior Servs. V. Consumer Health Ben. Ass'n Inc.,* 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011) ("A benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment."); *Tilton v. Playboy Entm't Grp., Inc.,* 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007) (explaining, the plaintiff's conferral of an indirect benefit upon the defendant is insufficient to support an unjust enrichment claim); *Am. Safety Ins. Serv., Inc. v. Griggs,* 959 So. 2d 322, 331-32 (Fla. 5th DCA 2007) (holding that conferral of a direct benefit is required).

Here, although Plaintiff's work on the borrowers' PPP loan applications directly benefitted <u>the borrowers</u> because it helped them get PPP loans, the benefit received by Defendants for making the loans to the borrowers (i.e., loan processing

fees from the SBA) was merely an incidental benefit of Plaintiff's work for the borrowers.[12]  Thus, putting aside the question of whether each Defendant had the requisite knowledge of the benefit allegedly conferred on them by Plaintiff,[13] the Court finds that Plaintiff's indirect conferral of a benefit on Defendants is insufficient to satisfy the first element of a claim for unjust enrichment or contract implied in law against Defendants.  Accordingly, Counts 1 and 2 are due to be dismissed.[14]

---

[12]   The Court has not overlooked Plaintiff's argument that the benefit it conferred on Defendants was the time that Defendants did not need to spend pulling together information to complete the borrowers' loan applications.  However, as the Court understands Plaintiff's claims, it is not suing to recover the value of that work (nor could it because the IFR caps the fee the agent can receive); rather, Plaintiff is only suing to recover what it considers to be its share of the fee Defendants received for making the loans, and no matter how you look at that, it is merely an incidental benefit of Plaintiff's work on behalf the borrowers.

[13]   Viewed in the light most favorable to Plaintiff, the amended complaint appears to sufficiently allege that three of the four defendants—ServisFirst, Synovus, and Truist—were aware of the work Plaintiff was doing to assist the borrowers in obtaining PPP loans because they communicated directly with Plaintiff about the loan applications.  *See E & M Marine Corp. v. First Union Nat'l Bank,* 783 So. 2d 311, 312 (Fla. 3d DCA 2001) ("[A] party is liable for services rendered only when he requests the other party to perform the services or knowingly and voluntarily accepts their benefits.") (quoting *Coffee Pot Plaza P'ship v. Arrow Air Conditioning and Refrigeration, Inc.,* 412 So. 2d 883, 884 (Fla. 2d DCA 1982)).  By contrast, the amended complaint does not allege that the other defendant, The First, had any communications with Plaintiff about its work on a borrower's loan application from which it could be inferred that The First knew that Plaintiff conferred a benefit on it by performing that work.

[14]   Even if these counts had survived Defendants' motions to dismiss (or could somehow be amended to state a claim), the Court does not see why Plaintiff would want to expend the resources necessary to pursue these claims in this forum because the claims involve less than $5,000 and they are not likely to be found suitable for class action treatment.  *See Vega v. T-Mobile, USA, Inc.,* 564 F.3d 1256, 1274 (11th Cir. 2009) (explaining that unjust enrichment claims are not appropriate for class action treatment because "common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts") (emphasis added).

The Court finds it highly unlikely that Plaintiff will be able to further amend the complaint to state a claim against Defendants, but the Court is not yet prepared to say that amendment would be "futile" and it will keep an open mind if Plaintiff seeks leave to file a second amended complaint.  Alternatively, if Plaintiff would rather forego further proceedings in this Court and try its luck at the Eleventh Circuit on the legal issues in this case, the Court will (upon Plaintiff's request) direct the Clerk to enter judgment dismissing the amended complaint with prejudice based on the rulings in this Order.

In sum, for the reasons stated above, it is **ORDERED** that Defendants' motions to dismiss (Docs. 46, 49, 67, 69) are **GRANTED**, and the amended complaint is **DISMISSED**.  Plaintiff may seek leave to file a second amended complaint within 14 days of the date of this Order if it can do so in good faith.

**DONE and ORDERED** this 17th day of August, 2020.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**SPORT & WHEAT, CPA, PA**,

    **Plaintiff**,

v.                                        **Case No. 3:20cv5425-TKW-HTC**

**SERVISFIRST BANK, INC.**, et al.,

    **Defendants**.

_____/

## ORDER DENYING LEAVE TO AMEND
## AND DISMISSING CASE WITH PREJUDICE

      This case is before the Court on Plaintiff's motion for leave to amend the complaint (Doc. 89) and Defendants' responses in opposition (Docs. 91, 92). Upon due consideration of these filings and the proposed second amended complaint (Doc. 90), the Court finds that the motion to amend is due to be denied because the proposed amendment would be futile. Accordingly, it is

      **ORDERED** that the motion for leave to amend the complaint is **DENIED**, this case is **DISMISSED with prejudice**, and the Clerk shall close the file.

      **DONE and ORDERED** this 4th day of September, 2020.

                        *T. Kent Wetherell, II*
                        **T. KENT WETHERELL, II**
                        **UNITED STATES DISTRICT JUDGE**

**Q**uery    **Reports**    **U**tilities    **Help**    **Log Out**

CLOSED,APPEAL,STAY DISC

# U.S. District Court
## Northern District of Florida (Pensacola)
## CIVIL DOCKET FOR CASE #: 3:20-cv-05425-TKW-HTC

| | |
|---|---|
| SPORT & WHEAT CPA PA v. SERVISFIRST BANK INC. et al | Date Filed: 04/26/2020 |
| Assigned to: JUDGE T KENT WETHERELL II | Date Terminated: 09/04/2020 |
| Referred to: MAGISTRATE JUDGE HOPE T CANNON | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-(Citizenship) | Nature of Suit: 370 Other Fraud |
| | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **SPORT & WHEAT CPA PA** | represented by | **MATTHEW DAVID SCHULTZ** |
| | | LEVIN PAPANTONIO - PENSACOLA FL |
| | | 316 S BAYLEN ST - STE 600 |
| | | PENSACOLA, FL 32502 |
| | | 850-435-7000 |
| | | Fax: 850-497-7095 |
| | | Email: mschultz@levinlaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **PAMELA COCALAS WIRT** |
| | | WIRT & WIRT - WILMETTE IL |
| | | PO BOX 13 |
| | | WILMETTE, IL 60091 |
| | | 847-347-8030 |
| | | Fax: 314-431-6920 |
| | | Email: pcwirt@wirtlawfirm.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **VIRGINIA M BUCHANAN** |
| | | LEVIN PAPANTONIO - PENSACOLA FL |
| | | 316 S BAYLEN ST - STE 600 |
| | | PENSACOLA, FL 32502 |
| | | 850/435-7000 |
| | | Fax: 850/435-7020 |
| | | Email: VBuchanan@levinlaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **WILLIAM FRANKLIN CASH , III** |
| | | LEVIN PAPANTONIO THOMAS ETC PA - PENSACOLA FL |
| | | 316 S BAYLEN ST STE 600 |
| | | PENSACOLA, FL 32502 |

850-435-7059
Fax: 850-535-7020
Email: bcash@levinlaw.com
*ATTORNEY TO BE NOTICED*

**JOHN SIDNEY WIRT**
WIRT & WIRT - DESTIN FL
5 CALHOUN AVENUE
UNIT 306
DESTIN, FL 32541
847-323-4082
Fax: 314-431-6920
Email: jwirt@wirtlawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SERVISFIRST BANK INC.**                  represented by   **LOGAN T MATTHEWS**
LIGHTFOOT FRANKLIN & WHITE
LLC - BIRMINGHAM AL
400 20TH ST N
BIRMINGHAM, AL 35203
205-581-0710
Fax: 205-581-0799
Email: lmatthews@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**ROBERT ASHBY PATE**
LIGHTFOOT FRANKLIN & WHITE
LLC - BIRMINGHAM AL
400 20TH ST N
BIRMINGHAM, AL 35203
205-581-0700
Email: apate@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**SARA FORD**
LIGHTFOOT FRANKLIN & WHITE
LLC - BIRMINGHAM AL
400 20TH ST N
BIRMINGHAM, AL 35203
205-581-0752
Fax: 205-581-0799
Email: sford@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**SYNOVUS TRUST COMPANY,**                represented by   **JAMES E BUTLER , JR**
**NATIONAL ASSOCIATION**                                  BUTLER WOOTEN & PEAK LLP -

COLUMBUS GA
105 13TH STREET
COLUMBUS, GA 31902
706-322-1990
Email: jim@butlerwooten.com
*ATTORNEY TO BE NOTICED*

**PAUL J NATHANSON**
DAVIS POLK & WARDWELL LLP -
WASHINGTON DC
901 15TH STREET NW
WASHINGTON, DC 20005
202-450-7000
Email: paul.nathanson@davispolk.com
*ATTORNEY TO BE NOTICED*

**PHILIP A BATES**
PHILIP A BATES PA -PENSACOLA, FL
25 W CEDAR ST STE 550
PENSACOLA, FL 32502
850/470-0091
Fax: 470-0441
Email: pbates@philipbates.net
*ATTORNEY TO BE NOTICED*

**RAMSEY PRATHER**
BUTLER WOOTEN & PEAK LLP -
ATLANTA GA
2719 BUFORD HWY NE
ATLANTA, GA 30324
404-321-1700
Email: ramsey@butlerwooten.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**1-100 DOES**

**Defendant**

**SYNOVUS BANK**                    represented by   **ANTONIO M HAYNES**
DAVIS POLK & WARDWELL
450 LEXINGTON AVE
NEW YORK, NY 10017
212-450-4000
Email: antonio.haynes@davispolk.com
*ATTORNEY TO BE NOTICED*

**JAMES E BUTLER , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

PAUL J NATHANSON
(See above for address)
*ATTORNEY TO BE NOTICED*

PHILIP A BATES
(See above for address)
*ATTORNEY TO BE NOTICED*

RAMSEY PRATHER
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**THE FIRST, A NATIONAL BANKING ASSOCIATION**     represented by    **CHRISTOPHER ALLEN RILEY**
ALSTON & BIRD LLP - ATLANTA GA
1201 W PEACHTREE ST
ONE ATLANTIC CENTER
ATLANTA, GA 30309-3424
404-881-7000
Fax: 404-881-7777
Email: chris.riley@alston.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRUIST BANK**     represented by    **MEREDITH LAUGHLIN ALLEN**
MCGUIRE WOODS LLP - ATLANTA GA
1230 PEACHTREE STREET NE
SUITE 2100
ATLANTA, GA 30309
404-443-5738
Email: mlallen@mcguirewoods.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CHERYL HAAS**
MCGUIRE WOODS LLP - ATLANTA GA
1230 PEACHTREE STREET NE
SUITE 2100
ATLANTA, GA 30309
404-443-5726
Email: chaas@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

**EMILY Y ROTTMANN**
MCGUIRE WOODS LLP - JACKSONVILLE FL
50 N LAURA ST - STE 3300
JACKSONVILLE, FL 32202

904-798-3200
Fax: 904-798-3207
Email: erottmann@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

**KATHRYN MARGARET BARBER**
MCGUIRE WOODS LLP - RICHMOND
VA
800 EAST CANAL STREET
RICHMOND, VA 23219
804-775-1000
Email: kbarber@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2020 | 1 | COMPLAINT *VERIFIED EMERGENCY CLASS ACTION FOR INTER ALIA DECLARATORY AND INJUNCTIVE RELIEF* against 1-100 DOES, SERVISFIRST BANK INC., Synovus Trust Company, National Association ( Filing fee $ 400 receipt number AFLNDC-5132174.), filed by Sport & Wheat CPA PA. (WIRT, JOHN) (Entered: 04/26/2020) |
| 04/26/2020 | 2 | CIVIL COVER SHEET. (WIRT, JOHN) (Entered: 04/26/2020) |
| 04/26/2020 | 3 | Corporate Disclosure Statement/Certificate of Interested Persons by Sport & Wheat CPA PA. (WIRT, JOHN) (Entered: 04/26/2020) |
| 04/26/2020 | 4 | REQUEST FOR CLERK OF COURT TO ISSUE SUMMONSES by Sport & Wheat CPA PA. (Attachments: # 1 Supplement Request to Clerk to Issue Summons) (WIRT, JOHN) (Entered: 04/26/2020) |
| 04/27/2020 | 5 | DOCKET ANNOTATION BY COURT: The parties in the above-referenced case were added to the docket incorrectly and will be corrected by the clerk. Party names are to be entered in all caps and without punctuation. For future reference: Please review the procedure for adding/creating new parties in the "Style Guide for Electronic Case Filing" and/or chapter 10 of the "CM/ECF Attorney User's Guide," available at www.flnd.uscourts.gov. (mb) (Entered: 04/27/2020) |
| 04/27/2020 | 6 | Summons Issued as to SERVISFIRST BANK INC, (Attachments: # 1 SYNOVUS TRUST) (mb) (Entered: 04/27/2020) |
| 05/06/2020 | 7 | NOTICE of Appearance by WILLIAM FRANKLIN CASH, III on behalf of SPORT & WHEAT CPA PA (CASH, WILLIAM) (Entered: 05/06/2020) |
| 05/06/2020 | 8 | NOTICE of Appearance by MATTHEW DAVID SCHULTZ on behalf of SPORT & WHEAT CPA PA (SCHULTZ, MATTHEW) (Entered: 05/06/2020) |
| 05/06/2020 | 9 | NOTICE of Appearance by VIRGINIA M BUCHANAN on behalf of SPORT & WHEAT CPA PA (BUCHANAN, VIRGINIA) (Entered: 05/06/2020) |
| 05/07/2020 | 10 | NOTICE of Appearance by PAMELA COCALAS WIRT on behalf of SPORT & WHEAT CPA PA (WIRT, PAMELA) (Entered: 05/07/2020) |

| | | |
|---|---|---|
| 05/14/2020 | 11 | MOTION to Appear Pro Hac Vice by Paul J. Nathanson.( Filing fee $ 201 receipt number AFLNDC-5213306.) by SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION. (Attachments: # 1 Exhibit Certificate of Good Standing) (NATHANSON, PAUL) (Entered: 05/14/2020) |
| 05/15/2020 | 12 | ORDER granting 11 MOTION to Appear Pro Hac Vice by Paul J. Nathanson. Signed by JUDGE T KENT WETHERELL II on 05/15/2020. (sdw) (Entered: 05/15/2020) |
| 05/15/2020 | 13 | Corporate Disclosure Statement/Certificate of Interested Persons by SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION identifying Corporate Parent Synovus Financial Corp. for SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION.. (NATHANSON, PAUL) (Entered: 05/15/2020) |
| 05/17/2020 | 14 | MOTION to Dismiss by SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION. (Internal deadline for referral to judge if response not filed earlier: **6/1/2020**). (Attachments: # 1 Exhibit A- Declaration of Robert C. Brand, Jr., # 2 Exhibit B- 5/1/2020 Email from Paul J. Nathanson to John Wirt) (NATHANSON, PAUL) (Entered: 05/17/2020) |
| 05/18/2020 | 15 | NOTICE of Appearance by PHILIP A BATES on behalf of SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION (BATES, PHILIP) (Entered: 05/18/2020) |
| 05/18/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 15 Notice of Appearance (please see proposed ISO). (mb) (Entered: 05/18/2020) |
| 05/18/2020 | 16 | INITIAL SCHEDULING ORDER: Fed.R.Civ.P. 7.1 Corporate Disclosure Statement Deadline set for **6/1/2020**. Rule 26 Meeting Report due by **7/1/2020**. Discovery due by **9/14/2020**. Signed by JUDGE T KENT WETHERELL II on 5/18/2020. (mb) (Entered: 05/18/2020) |
| 05/19/2020 | 17 | First MOTION to Appear Pro Hac Vice by Ramsey B. Prather.( Filing fee $ 201 receipt number AFLNDC-5235186.) by SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION. (Attachments: # 1 Certificate of Good Standing) (PRATHER, RAMSEY) (Entered: 05/19/2020) |
| 05/20/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 17 First MOTION to Appear Pro Hac Vice by Ramsey B. Prather.( Filing fee $ 201 receipt number AFLNDC-5235186.) (mb) (Entered: 05/20/2020) |
| 05/20/2020 | 18 | First MOTION to Appear Pro Hac Vice by James E. Butler, Jr..( Filing fee $ 201 receipt number AFLNDC-5240461.) by SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION. (Attachments: # 1 Certificate of Good Standing) (BUTLER, JAMES) (Entered: 05/20/2020) |
| 05/20/2020 | 19 | ORDER granting 17 Motion to Appear Pro Hac Vice. Attorney Ramsey B. Prather is authorized to appear pro hac vice for Defendant Synovus Trust Co., N.A. (Appointed RAMSEY PRATHER for SYNOVUS TRUST COMPANY, NATIONAL ASSOCIATION). Signed by JUDGE T KENT WETHERELL II on 5/20/2020. (mb) (Entered: 05/20/2020) |

| 05/20/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 18 First MOTION to Appear Pro Hac Vice by James E. Butler, Jr..( Filing fee $ 201 receipt number AFLNDC-5240461.) (mb) (Entered: 05/20/2020) |
| --- | --- | --- |
| 05/21/2020 | 20 | ORDER - That the 18 Motion to Appear Pro Hac Vice is GRANTED. Attorney James E. Butler, Jr., is authorized to appear pro hac vice for Defendant Synovus Trust Co., N.A. Signed by JUDGE T KENT WETHERELL II on 5/21/2020. (mb) (Entered: 05/21/2020) |
| 05/27/2020 | 21 | FIRST AMENDED COMPLAINT against SERVISFIRST BANK INC., SYNOVUS BANK, THE FIRST, A NATIONAL BANKING ASSOCIATION, TRUIST BANK, filed by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 05/27/2020) |
| 05/28/2020 | 22 | ORDER - That Defendant Synovus Trust Company's motion to dismiss (Doc. 14 ) is DENIED as moot, and Defendants shall respond to the amended complaint within 14 days of the date of this Order (for Defendants who have been served) or within the time prescribed by Fed. R. Civ. P. 12(a) (for Defendants who have yet to be served). (Internal deadline for referral to judge if response not filed earlier: 6/11/2020).) Signed by JUDGE T KENT WETHERELL II on 5/28/2020. (mb) (Entered: 05/28/2020) |
| 05/28/2020 | 23 | REQUEST FOR CLERK OF COURT TO ISSUE SUMMONS by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 05/28/2020) |
| 05/28/2020 | 24 | REQUEST FOR CLERK OF COURT TO ISSUE SUMMONS by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 05/28/2020) |
| 05/29/2020 | 25 | Summons Issued as to TRUIST BANK. (Attachments: # 1 THE FIRST, A NATIONAL BANKING ASSOCIATION). (mb) (Entered: 05/29/2020) |
| 06/01/2020 | 26 | Corporate Disclosure Statement/Certificate of Interested Persons by TRUIST BANK identifying Corporate Parent Truist Financial Corporation for TRUIST BANK.. (ROTTMANN, EMILY) (Entered: 06/01/2020) |
| 06/01/2020 | 27 | MOTION to Extend Time *to Respond to the Amended Complaint (Unopposed)* by SERVISFIRST BANK INC.. (MATTHEWS, LOGAN) Modified on 6/2/2020 to term MOTION due to amended correction (mb). (Entered: 06/01/2020) |
| 06/01/2020 | 28 | NOTICE of Appearance by PAUL J NATHANSON on behalf of SYNOVUS BANK (NATHANSON, PAUL) (Entered: 06/01/2020) |
| 06/01/2020 | 29 | Corporate Disclosure Statement/Certificate of Interested Persons by SYNOVUS BANK identifying Corporate Parent Synovus Financial Corp. for SYNOVUS BANK.. (NATHANSON, PAUL) (Entered: 06/01/2020) |
| 06/01/2020 | 30 | MOTION to Extend Time *(Corrected) (Unopposed)* for An Extension of time to Respond *to the Amended Complaint* by SERVISFIRST BANK INC.. (MATTHEWS, LOGAN) (Entered: 06/01/2020) |
| 06/02/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 30 MOTION to Extend Time *(Corrected) (Unopposed)* for An Extension of time to Respond to the Amended Complaint (mb) (Entered: 06/02/2020) |
| 06/02/2020 | 31 | NOTICE of Appearance by RAMSEY PRATHER on behalf of SYNOVUS BANK (PRATHER, RAMSEY) (Entered: 06/02/2020) |

| 06/02/2020 | 32 | NOTICE of Appearance by JAMES E BUTLER, JR on behalf of SYNOVUS BANK (BUTLER, JAMES) (Entered: 06/02/2020) |
|---|---|---|
| 06/02/2020 | 33 | Corporate Disclosure Statement/Certificate of Interested Persons by SERVISFIRST BANK INC.. (MATTHEWS, LOGAN) (Entered: 06/02/2020) |
| 06/02/2020 | 34 | ORDER GRANTING EXTENSION OF TIME. Defendant ServisFirst Bank's corrected unopposed motion for extension of time (Doc. 30 ), is granted, and Defendant ServisFirst Bank shall have until June 17, 2020, to answer or otherwise respond to the amended complaint. (Internal deadline for referral to judge if response not filed earlier: **6/17/2020**).) Signed by JUDGE T KENT WETHERELL II on 6/2/2020. (mb) (Entered: 06/02/2020) |
| 06/05/2020 | 35 | MOTION to Appear Pro Hac Vice by Antonio Haynes.( Filing fee $ 201 receipt number AFLNDC-5307941.) by SYNOVUS BANK. (Attachments: # 1 Exhibit Certificate of Good Standing) (HAYNES, ANTONIO) (Entered: 06/05/2020) |
| 06/05/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 35 MOTION to Appear Pro Hac Vice by Antonio Haynes. (sdw) (Entered: 06/05/2020) |
| 06/05/2020 | 36 | NOTICE of Appearance by EMILY Y ROTTMANN on behalf of TRUIST BANK (ROTTMANN, EMILY) (Entered: 06/05/2020) |
| 06/05/2020 | 37 | MOTION to Extend Time *Unopposed Motion for an Extension of Time to Respond to the Amended Complaint* by TRUIST BANK. (ROTTMANN, EMILY) (Entered: 06/05/2020) |
| 06/05/2020 | 38 | MOTION to Appear Pro Hac Vice by Cheryl L. Haas.( Filing fee $ 201 receipt number AFLNDC-5309304.) by TRUIST BANK. (Attachments: # 1 Exhibit A - Certificate of Good Standing) (HAAS, CHERYL) (Entered: 06/05/2020) |
| 06/05/2020 | 39 | MOTION to Appear Pro Hac Vice by Meredith Laughlin Allen.( Filing fee $ 201 receipt number AFLNDC-5309652.) by TRUIST BANK. (Attachments: # 1 Exhibit A - Certificate of Good Standing) (HAAS, CHERYL) (Entered: 06/05/2020) |
| 06/05/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 39 MOTION to Appear Pro Hac Vice by Meredith Laughlin Allen, 37 MOTION to Extend Time *Unopposed Motion for an Extension of Time to Respond to the Amended Complaint*, 38 MOTION to Appear Pro Hac Vice by Cheryl L. Haas. (sdw) (Entered: 06/05/2020) |
| 06/05/2020 | 40 | MOTION to Appear Pro Hac Vice by Sara A. Ford.( Filing fee $ 201 receipt number AFLNDC-5312641.) by SERVISFIRST BANK INC.. (FORD, SARA) (Entered: 06/05/2020) |
| 06/05/2020 | 41 | MOTION to Appear Pro Hac Vice by Robert Ashby Pate.( Filing fee $ 201 receipt number AFLNDC-5312685.) by SERVISFIRST BANK INC.. (PATE, ROBERT) (Entered: 06/05/2020) |
| 06/08/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 41 MOTION to Appear Pro Hac Vice by Robert Ashby Pate.( Filing fee $ 201 receipt number AFLNDC-5312685.), 40 MOTION to Appear Pro Hac Vice by Sara A. Ford.( Filing fee $ 201 receipt number AFLNDC-5312641.) (mb) (Entered: 06/08/2020) |

| | | |
|---|---|---|
| 06/08/2020 | 42 | ORDER GRANTING PRO HAC VICE MOTIONS - That the 35 , 38 , 39 , 40 , 41 motions are GRANTED, and Attorney Antonio M. Haynes is authorized to appear pro hac vice for Defendant Synovus Bank. Attorneys Cheryl L. Haas and Meredith Laughlin Allen are authorized to appear pro hac vice for Defendant Truist Bank. Attorneys Sara A. Ford and R. Ashby Pate are authorized to appear pro hac vice for Defendant ServisFirst Bank. (Attorney ANTONIO M HAYNES for SYNOVUS BANK added). Signed by JUDGE T KENT WETHERELL II on 6/8/2020. (mb) (Entered: 06/08/2020) |
| 06/08/2020 | 43 | ORDER GRANTING EXTENSION OF TIME. Defendant Truist Bank's unopposed motion for extension of time (Doc. 37 ) is GRANTED, and Defendant Truist Bank shall have until July 3, 2020, to answer or otherwise respond to the amended complaint. (Internal deadline for referral to judge if response to Complaint not filed earlier: **7/3/2020**).) Signed by JUDGE T KENT WETHERELL II on 6/8/2020. (mb) (Entered: 06/08/2020) |
| 06/09/2020 | 44 | SUMMONS Returned Executed by SPORT & WHEAT CPA PA. THE FIRST, A NATIONAL BANKING ASSOCIATION served on 6/4/2020, answer due 6/25/2020. (CASH, WILLIAM) (Entered: 06/09/2020) |
| 06/10/2020 | 45 | NOTICE of Appearance by PHILIP A BATES on behalf of SYNOVUS BANK (BATES, PHILIP) (Entered: 06/10/2020) |
| 06/10/2020 | 46 | MOTION to Dismiss *First Amended Complaint* by SYNOVUS BANK. (Internal deadline for referral to judge if response not filed earlier: **6/24/2020**). (Attachments: # 1 Exhibit A, # 2 Certificate of Service) (NATHANSON, PAUL) (Entered: 06/10/2020) |
| 06/16/2020 | 47 | NOTICE of Appearance by CHRISTOPHER ALLEN RILEY on behalf of THE FIRST, A NATIONAL BANKING ASSOCIATION (RILEY, CHRISTOPHER) (Entered: 06/16/2020) |
| 06/16/2020 | 48 | Corporate Disclosure Statement/Certificate of Interested Persons by THE FIRST, A NATIONAL BANKING ASSOCIATION identifying Corporate Parent The First Bancshares, Inc. for THE FIRST, A NATIONAL BANKING ASSOCIATION.. (RILEY, CHRISTOPHER) (Entered: 06/16/2020) |
| 06/17/2020 | 49 | MOTION to Dismiss *Amended Complaint and Supporting Memorandum of Law* by SERVISFIRST BANK INC.. (Internal deadline for referral to judge if response not filed earlier: **7/1/2020**). (MATTHEWS, LOGAN) (Entered: 06/17/2020) |
| 06/17/2020 | 50 | MOTION to Appear Pro Hac Vice( Filing fee $ 201 receipt number AFLNDC-5358666.) by TRUIST BANK. (Attachments: # 1 Exhibit Exhibit A - Certificate of Good Standing) (BARBER, KATHRYN) (Entered: 06/17/2020) |
| 06/18/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 50 MOTION to Appear Pro Hac Vice( Filing fee $ 201 receipt number AFLNDC-5358666.) (mb) (Entered: 06/18/2020) |
| 06/18/2020 | 51 | ORDER - That the motion is GRANTED 50 , and attorney Kathryn M. Barber is authorized to appear pro hac vice for Defendant Truist Bank. (Appointed KATHRYN MARGARET BARBER for TRUIST BANK). Signed by JUDGE T KENT WETHERELL II on 6/18/2020. (mb) (Entered: 06/18/2020) |
| 06/22/2020 | 52 | First MOTION for Protective Order *To Terminate Rule 30(b)(6) Deposition* by SYNOVUS BANK. (Attachments: # 1 Exhibit Adams Transcript Excerpts, # 2 Exhibit 2020-06-15 Bates to Cash email, # 3 Exhibit 2020-05-29 Cash email, # 4 Exhibit 2020-05-29 Discovery Excerpt, # 5 Exhibit 2020-06-02 Nathanson to Cash email, # 6 |

| | | |
|---|---|---|
| | | Exhibit Butler Cash email exchange) (PRATHER, RAMSEY) (Entered: 06/22/2020) |
| 06/23/2020 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 52 First MOTION for Protective Order *To Terminate Rule 30(b)(6) Deposition*. Referred to HOPE T CANNON. (mb) (Entered: 06/23/2020) |
| 06/23/2020 | 53 | MOTION to Extend Time *to Respond to the Amended Complaint* by THE FIRST, A NATIONAL BANKING ASSOCIATION. (RILEY, CHRISTOPHER) (Entered: 06/23/2020) |
| 06/24/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 53 MOTION to Extend Time *to Respond to the Amended Complaint* (mb) (Entered: 06/24/2020) |
| 06/24/2020 | 54 | ORDER GRANTING EXTENSION OF TIME. Defendant, The First, A National Banking Association's unopposed motion for extension of time (Doc. 53 ) is GRANTED, and Defendant The First, A National Banking Association shall have until July 9, 2020, to answer or otherwise respond to the amended complaint. (Internal deadline for referral to judge if response not filed earlier: **7/9/2020**).) Signed by JUDGE T KENT WETHERELL II on 6/24/2020. (mb) (Entered: 06/24/2020) |
| 06/24/2020 | 55 | ORDER SETTING HEARING. The Court will conduct a hearing on Defendant's motion on Thursday, July 9, 2020, at 2:00 p.m. (CDT) in Courtroom 3 of the United States District Courthouse, 1 North Palafox Street, Pensacola, Florida, 32502, before MAGISTRATE JUDGE HOPE T CANNON. (mb) (Entered: 06/24/2020) |
| 06/24/2020 | 56 | RESPONSE in Opposition re 46 MOTION to Dismiss *First Amended Complaint* filed by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit A - Texts, # 2 Exhibit B - Texts, # 3 Exhibit C - Adams deposition, # 4 Exhibit D - SBA notice, # 5 Exhibit E - Form 159, # 6 Exhibit F - Forgiveness application, # 7 Exhibit G - Forgiveness instructions) (CASH, WILLIAM) (Entered: 06/24/2020) |
| 06/25/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 56 RESPONSE in Opposition re 46 MOTION to Dismiss First Amended Complaint filed by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit A - Texts, # 2 Exhibit B - Texts, # 3 Exhibit C - Adams deposition, # 4 Exhibit D - SBA notice, # 5 Exhibit E - Form 159, # 6 Exhibit F - Forgiveness application, # 7 Exhibit G - Forgiveness instructions), 46 MOTION to Dismiss *First Amended Complaint*. (mb) (Entered: 06/25/2020) |
| 06/26/2020 | 57 | MOTION for Leave to File *Reply Memorandum in Support of its Motion to Dismiss the Amended Complaint* by SYNOVUS BANK. (Attachments: # 1 Exhibit A- [Proposed] Order) (NATHANSON, PAUL) (Entered: 06/26/2020) |
| 06/26/2020 | 58 | Consent MOTION for Extension of Time to File Response/Reply as to 49 MOTION to Dismiss *Amended Complaint and Supporting Memorandum of Law (respond by July 8)* by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 06/26/2020) |
| 06/29/2020 | 59 | Amended MOTION for Leave to File re 57 MOTION for Leave to File *Reply Memorandum in Support of its Motion to Dismiss the Amended Complaint* by SYNOVUS BANK. (Attachments: # 1 Exhibit A- [Proposed] Order) (NATHANSON, PAUL) (Entered: 06/29/2020) |

| 06/29/2020 | 60 | ORDER GRANTING EXTENSION OF TIME. That the motion is GRANTED 58 , and Plaintiff shall have until July 8, 2020, to respond to ServisFirst's motion to dismiss. (Response to motion due by **7/8/2020**.) Signed by JUDGE T KENT WETHERELL II on 6/29/2020. (mb) (Entered: 06/29/2020) |
|---|---|---|
| 06/29/2020 | 61 | REPORT of Rule 26(f) Planning Meeting. (CASH, WILLIAM) (Entered: 06/29/2020) |
| 06/30/2020 |  | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 59 Amended MOTION for Leave to File re 57 MOTION for Leave to File *Reply Memorandum in Support of its Motion to Dismiss the Amended Complaint* by SYNOVUS BANK. (Attachments: # 1 Exhibit A-[Proposed] Order) (mb) (Entered: 06/30/2020) |
| 06/30/2020 |  | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 61 Report of Rule 26(f) Planning Meeting (mb) (Entered: 06/30/2020) |
| 06/30/2020 | 62 | ORDER GRANTING LEAVE TO FILE REPLY. Defendant Synovus Bank's amended motion for leave to file a reply in support of its motion to dismiss (Doc. 59 ) is granted. On or before Tuesday, July 7, 2020, Defendant Synovus Bank may file a reply of not more than 1600 words addressing only the second issue in its amended motion. (Reply to Motion due by **7/7/2020**.) Signed by JUDGE T KENT WETHERELL II on 6/30/2020. (mb) (Entered: 06/30/2020) |
| 06/30/2020 | 63 | MOTION for Leave to File *text messages under seal* by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 06/30/2020) |
| 06/30/2020 | 64 | ORDER. Discovery is stayed pending further Order. Any additional motions to dismiss shall be filed as soon as practical. The Court will set a case management conference after ruling on the motions to dismiss, if necessary. The parties promptly advise the Court of any material developments in the MDL or rulings in the other related cases. Signed by JUDGE T KENT WETHERELL II on 6/30/2020. (mb) (Entered: 07/01/2020) |
| 07/01/2020 |  | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 63 MOTION for Leave to File *text messages under seal*. Referred to HOPE T CANNON. (mb) (Entered: 07/01/2020) |
| 07/02/2020 | 65 | REPLY to Response to Motion re 46 MOTION to Dismiss *First Amended Complaint* filed by SYNOVUS BANK. (PRATHER, RAMSEY) (Entered: 07/02/2020) |
| 07/02/2020 |  | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 65 Reply to Response to Motion 56 Response in Opposition to Motion, 46 MOTION to Dismiss *First Amended Complaint*, (mb) (Entered: 07/02/2020) |
| 07/02/2020 | 66 | ORDER re 63 MOTION for Leave to File *text messages under seal* filed by SPORT & WHEAT CPA PA. Signed by MAGISTRATE JUDGE HOPE T CANNON on 07/02/2020. (HTC) (Entered: 07/02/2020) |
| 07/03/2020 | 67 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by TRUIST BANK. (Attachments: # 1 Exhibit Exhibit A - AICPA Special Report dated April 22, 2020) (HAAS, CHERYL) (Entered: 07/03/2020) |
| 07/03/2020 |  | Set Deadlines re 67 MOTION to Dismiss for Failure to State a Claim (Internal deadline for referral to judge if response not filed earlier: **7/17/2020**). (mb) (Entered: 07/06/2020) |

| | | |
|---|---|---|
| 07/06/2020 | 68 | RULE 26 Disclosures by TRUIST BANK. (ALLEN, MEREDITH) (Entered: 07/06/2020) |
| 07/06/2020 | 69 | MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof* by THE FIRST, A NATIONAL BANKING ASSOCIATION. (Internal deadline for referral to judge if response not filed earlier: **7/20/2020**). (RILEY, CHRISTOPHER) (Entered: 07/06/2020) |
| 07/06/2020 | 70 | RULE 26 Disclosures by SYNOVUS BANK. (PRATHER, RAMSEY) (Entered: 07/06/2020) |
| 07/06/2020 | 71 | RULE 26 Disclosures by THE FIRST, A NATIONAL BANKING ASSOCIATION. (RILEY, CHRISTOPHER) (Entered: 07/06/2020) |
| 07/06/2020 | 72 | RESPONSE in Opposition re 63 MOTION for Leave to File *text messages under seal* filed by SYNOVUS BANK. (PRATHER, RAMSEY) (Entered: 07/06/2020) |
| 07/06/2020 | 73 | RESPONSE in Opposition re 52 First MOTION for Protective Order *To Terminate Rule 30(b)(6) Deposition* filed by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit A - Deposition notice, # 2 Exhibit B - Deposition of Synovus 30(b)(6), # 3 Exhibit C - E-mail, # 4 Exhibit D - E-mail, # 5 Exhibit E - Texts, # 6 Exhibit F - Photo, # 7 Exhibit G - E-mail, # 8 Exhibit H - E-mail, # 9 Exhibit I - E-mail, # 10 Exhibit J - E-mail) (CASH, WILLIAM) (Entered: 07/06/2020) |
| 07/07/2020 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 72 RESPONSE in Opposition re 63 MOTION for Leave to File text messages under seal filed by SYNOVUS BANK. Referred to HOPE T CANNON. (mb) (Entered: 07/07/2020) |
| 07/07/2020 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 73 Response in Opposition to Motion, 52 First MOTION for Protective Order To Terminate Rule 30(b)(6) Deposition by SYNOVUS BANK. (Attachments: # 1 Exhibit Adams Transcript Excerpts, # 2 Exhibit 2020-06-15 Bates to Cash email, # 3 Exhibit 2020-05-29 Cash email, # 4 Exhibit 2020-05-29 Discovery Excerpt, # 5 Exhibit 2020-06-02 Nathanson to Cash email, # 6 Exhibit Butler Cash email exchange) Referred to HOPE T CANNON. (mb) (Entered: 07/07/2020) |
| 07/07/2020 | 74 | MOTION for Leave to File re 52 First MOTION for Protective Order *To Terminate Rule 30(b)(6) Deposition* by SYNOVUS BANK. (PRATHER, RAMSEY) (Entered: 07/07/2020) |
| 07/07/2020 | 75 | RESPONSE to Motion re 74 MOTION for Leave to File re 52 First MOTION for Protective Order *To Terminate Rule 30(b)(6) Deposition* filed by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit A) (CASH, WILLIAM) (Entered: 07/07/2020) |
| 07/07/2020 | 76 | MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 69 MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking extension to file omnibus response to 3 MTDs)* by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 07/07/2020) |
| 07/07/2020 | 77 | NOTICE *(defendants declined to consent to motion)* by SPORT & WHEAT CPA PA re 76 MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 69 MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking* |

| | | |
|---|---|---|
| | | *extension to (CASH, WILLIAM) (Entered: 07/07/2020)* |
| 07/07/2020 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 75 RESPONSE to Motion re 74 MOTION for Leave to File re 52 First MOTION for Protective Order To Terminate Rule 30(b)(6) Deposition filed by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit A), 74 MOTION for Leave to File re 52 First MOTION for Protective Order *To Terminate Rule 30(b)(6) Deposition* . Referred to HOPE T CANNON. (mb) (Entered: 07/07/2020) |
| 07/07/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 76 MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 69 MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking extension to,* 77 NOTICE *(defendants declined to consent to motion) by SPORT & WHEAT CPA PA re 76 MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 69 MOTION to Dismiss the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking extension (mb) (Entered: 07/07/2020)* |
| 07/07/2020 | 78 | ORDER re 63 MOTION for Leave to File *text messages under seal* filed by SPORT & WHEAT CPA PA. Signed by MAGISTRATE JUDGE HOPE T CANNON on 7/7/2020. (Weidow, Taylor) (Entered: 07/07/2020) |
| 07/07/2020 | | Set Deadlines re 78 ORDER. The documents are due to the Court by close of business July 8, 2020. Upon review, the Court will enter a ruling on the motion to seal. (Notify Chambers on **7/8/2020**). (mb) (Entered: 07/07/2020) |
| 07/08/2020 | 79 | ORDER. Defendants shall have until noon (central time) on July 10, 2020, to respond to Plaintiff's 76 motion for extension of time. The deadline for Plaintiff to respond to ServisFirst's motion to dismiss is tolled pending disposition of the motion for extension of time. (Response to motion due by **7/10/2020**.) Signed by JUDGE T KENT WETHERELL II on 7/8/2020. (mb) (Entered: 07/08/2020) |
| 07/09/2020 | 80 | RESPONSE to Motion re 76 MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 69 MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking extension to filed by TRUIST BANK. (HAAS, CHERYL) (Entered: 07/09/2020)* |
| 07/09/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 80 RESPONSE to Motion re 76 MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 69 MOTION to Dismiss the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking extension to filed by TRUIST BANK. (mb) (Entered: 07/09/2020) |
| 07/09/2020 | 81 | Minute Entry for Motion hearing on Defendant Synovus Bank's Motion to Terminate Rule 30(b)(6) Deposition 52 filed June 22, 2020 held before MAGISTRATE JUDGE HOPE T CANNON. (Court Reporter Wierzbicki Court Reporters.) (kli) (Entered: 07/09/2020) |
| 07/09/2020 | 82 | RESPONSE to Motion re 76 MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 69 MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof (motion seeking extension to filed by SERVISFIRST BANK INC.. (MATTHEWS, LOGAN)* |

| | | |
|---|---|---|
| | | *(Entered: 07/09/2020)* |
| 07/10/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 82 Response to Motion. (sdw) (Entered: 07/10/2020) |
| 07/10/2020 | 83 | ORDER GRANTING 76 EXTENSION OF TIME. Plaintiff shall have until July 20, 2020, to respond to the motions to dismiss filed by Defendants ServisFirst, Truist, and The First. (Responses due by **7/20/2020**).) Signed by JUDGE T KENT WETHERELL II on 07/10/2020. (sdw) (Entered: 07/10/2020) |
| 07/14/2020 | 84 | ORDER. Synovus's motion to terminate deposition at ECF Doc. 52 is DENIED. S&W's motion to seal at ECF Doc. 63 is GRANTED, to the extent that S&W is directed to file under seal the copies of screenshots from Jill Sport's phone that Plaintiff's counsel submitted to the Court for in camera review on Wednesday, July 8, 2020 ("the Screenshots"). Synovus's motion for leave to file a reply brief in support of its motion to terminate at ECF Doc. 74 is DENIED as moot. Signed by MAGISTRATE JUDGE HOPE T CANNON on 7/14/2020. (mb) (Entered: 07/14/2020) |
| 07/20/2020 | 85 | RESPONSE in Opposition re 49 MOTION to Dismiss *Amended Complaint and Supporting Memorandum of Law*, 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 69 MOTION to Dismiss *the Amended Complaint and Memorandum of Law in Support Thereof (omnibus opp to 3 MTDs)* filed by SPORT & WHEAT CPA PA. (CASH, WILLIAM) (Entered: 07/20/2020) |
| 07/21/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 85 RESPONSE in Opposition re 49 MOTION to Dismiss Amended Complaint and Supporting Memorandum of Law, 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 69 MOTION to Dismiss the Amended Complaint and Memorandum of Law in Support Thereof (omnibus opp to 3 MTDs) filed by SPORT & WHEAT CPA PA. (mb) (Entered: 07/21/2020) |
| 08/05/2020 | 86 | NOTICE *Regarding the Judicial Panel on Multidistrict Litigation's Order Denying Centralization* by SYNOVUS BANK (Attachments: # 1 Exhibit A) (BATES, PHILIP) (Entered: 08/05/2020) |
| 08/05/2020 | 88 | NOTICE to Court RE: MDL No. 2950. ORDER DENYING TRANSFER. (mb) (Entered: 08/18/2020) |
| 08/17/2020 | 87 | ORDER DISMISSING AMENDED COMPLAINT - That Defendants' motions to dismiss (Docs. 46 , 49 , 67 , 69 ) are GRANTED, and the amended complaint is DISMISSED. Plaintiff may seek leave to file a second amended complaint within 14 days of the date of this Order if it can do so in good faith. (Amended Complaint due by **8/31/2020**.) Signed by JUDGE T KENT WETHERELL II on 8/17/2020. (mb) (Entered: 08/17/2020) |
| 08/31/2020 | 89 | MOTION to Amend/Correct 21 Amended Complaint *(proposed Second Amended Complaint)* by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit Comparison between 1AC and 2AC) (CASH, WILLIAM) (Entered: 08/31/2020) |
| 08/31/2020 | 90 | SECOND AMENDED COMPLAINT against SERVISFIRST BANK INC., SYNOVUS BANK, THE FIRST, A NATIONAL BANKING ASSOCIATION, TRUIST BANK, filed by SPORT & WHEAT CPA PA. (Attachments: # 1 Exhibit A - Form 159, # 2 Exhibit B - Texts, # 3 Exhibit C - Adams deposition, # 4 Exhibit D - Texts, # 5 Exhibit E |

| | | |
|---|---|---|
| | | - E-mail) (CASH, WILLIAM) (Entered: 08/31/2020) |
| 09/01/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 89 MOTION to Amend/Correct 21 Amended Complaint *(proposed Second Amended Complaint)*, 90 Second Amended Complaint. (mb) (Entered: 09/01/2020) |
| 09/01/2020 | 91 | RESPONSE of SYNOVUS BANK'S OPPOSITION TO PLAINTIFF'S 89 MOTION to Amend/Correct 21 Amended Complaint *(proposed Second Amended Complaint)* filed by SYNOVUS BANK. (PRATHER, RAMSEY) Modified on 9/2/2020 (mb). (Entered: 09/01/2020) |
| 09/02/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 91 RESPONSE of SYNOVUS BANK'S OPPOSITION TO PLAINTIFF'S 89 MOTION to Amend/Correct 21 Amended Complaint (proposed Second Amended Complaint). (mb) (Entered: 09/02/2020) |
| 09/02/2020 | 92 | RESPONSE in Opposition re 89 MOTION to Amend/Correct 21 Amended Complaint *(proposed Second Amended Complaint) (Defendants' Opposition to Plaintiff's Motion for Leave to Amend The Complaint)* filed by TRUIST BANK. (HAAS, CHERYL) (Entered: 09/02/2020) |
| 09/02/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 92 Response in Opposition to Motion for Leave to Amend. (alb) (Entered: 09/02/2020) |
| 09/04/2020 | 93 | ORDER DENYING LEAVE TO AMEND AND DISMISSING CASE WITH PREJUDICE re 89 Plaintiff's motion for leave to amend the complaint. That the motion for leave to amend the complaint is DENIED, this case is DISMISSED with prejudice, and the Clerk shall close the file. Signed by JUDGE T KENT WETHERELL II on 9/4/2020. (mb) (Entered: 09/04/2020) |
| 09/09/2020 | 94 | NOTICE OF APPEAL as to 87 Order,, Set Deadlines/Hearings, 93 Order Dismissing Case, by SPORT & WHEAT CPA PA. ( Filing fee $505 Receipt Number AFLNDC-5641253.) (CASH, WILLIAM) (Entered: 09/09/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/10/2020 10:41:05 | | |
| **PACER Login:** | fn1428 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-05425-TKW-HTC |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |